UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-824-RJC

| RODNEY DUNCAN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU PARSON, Superintendent; FNU CLARK, Food Service Manager; MS. KENNEDY, Food Service Dietician; FNU MEDLIN, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a). For the reasons that follow, Plaintiff's complaint will be dismissed.

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina following his conviction for second-degree murder in Catawba County Superior Court on May 29, 2007. Petitioner's projected release date is June 23, 2017. In his complaint, Plaintiff alleges that on three separate occasions, while he was housed at Lanesboro Correctional Institution, he was provided with food from the prison cafeteria that contained peanut oil which Plaintiff contends he is extremely allergic to and on each of the three occasions, after he unknowingly ingested the tainted food, he became very sick and was hospitalized on each occasion. (3:12-cv-824, Doc. No. 1 at 4).[1]

The first occasion occurred on September 23, 2011. Plaintiff was confined in a special

---
[1] The allegations in the complaint are accepted as true in this initial review.

housing unit due to his allergic condition and he was served a meal which caused him to become "extremely ill" and he was taken to the hospital and treated for "allergic reactions." (Id., Doc. No. 1-2 at 5-6). The second occasion occurred on November 21, 2011, when Plaintiff was again given a meal which contained peanut oil; this time his reaction was worse than the initial reaction and he was treated and released from the hospital. On December 2, 2011, Plaintiff received another meal that contained peanut oil and he again "became violently ill." Plaintiff pressed an emergency response button but no one responded for over thirty minutes. Defendant Nurse Medlin was one of the first responders. Nurse Medlin checked Plaintiff's vital signs and recommended that Plaintiff take Benadryl® which Plaintiff apparently ingested and then became nauseated. Plaintiff was hospitalized for a third time on or about December 2, 2011.

After his release, Plaintiff filed a grievance on December 7, 2011, with prison officials complaining about the use of peanut oil in the preparation of his food. (Id., Doc. No. 1-1 at 2).[2] In the Step One response dated on or about December 29, 2012, the examiner noted that prison staff would be advised that if there was any question that peanut oil may have been used in the preparation of Plaintiff's food, then staff would be directed to contact the kitchen to verify that the food was free of peanut oil. In the Step Two response dated January 19, 2012, the administrator found that staff had been made aware of Plaintiff's peanut oil allergies. In particular, the administrator explained that Defendant Clark, Food Service Manager, "has been made aware of the incident. The incident was not on purpose." (Id. at 3). In the Step Three response dated February 3, 2012, the grievance examiner made the following findings: "The kitchen staff is recommended to check inmate Duncan's food tray every meal before it is served to him. It is suggested that a check sheet for all inmates with food allergies be implemented, checked and signed off on for every meal

---

[2] In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

by [] kitchen staff." The grievance was considered resolved at this stage. (Id. at 4).

In his claim for relief, among others, Plaintiff seeks $300,000 in damages against Defendant Parsons "as a direct result of <u>negligence</u> . . ." (Id., Doc. No. 1-2 at 23) (emphasis in original). Plaintiff seeks $50,000 against Defendants Clark and Kennedy for injuries he sustained after ingesting food that had been prepared with peanut oil or products. Plaintiff seeks $10,000 in damages against Defendant Medlin to compensate him for her negligence and deliberate indifference. (Id. at 24).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff presents a claim for negligence against the defendants and an Eighth Amendment claim for cruel and unusual punishment based on his contention that the defendants were

3

deliberately indifferent to his serious medical needs in failing to ensure that he did not receive food that was prepared with peanut oil or peanut products.

In <u>Farmer v. Brennan</u>, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment claim, a prisoner must demonstrate (1) that the deprivation was objectively, sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. <u>Id.</u> at 834 (internal quotations marks and citations omitted). <u>See also</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). Furthermore, "[d]eliberate indifference requires that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious medical need for medical care." <u>Young v. City of Mt. Rainer</u>, 238 F.3d 567, 575 (4th Cir. 2001). Put another way, there is no constitutional violation and hence no liability unless the prisoner can show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 576 (quoting <u>Farmer</u>, 511 U.S. at 837). Finally, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." <u>Id.</u> at 575 (quoting <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999)).

A.  Defendant Parson

After reviewing Plaintiff's complaint, supporting memorandum and the documents detailing his participation in the administrative remedy procedure, the Court finds that Plaintiff

4

has plainly failed to allege sufficient facts which could demonstrate that Defendant Assistant Superintendent Parson had any knowledge about Plaintiff's peanut allergies or his adverse reactions.[3] Because Plaintiff has failed to allege any actions, or omissions, on the part of Defendant Parsons, then his claim necessarily relies on the liability theory based on the doctrine of respondeat superior and it must therefore fail. See Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 694 (1978). Based on the foregoing, the complaint against Defendant Parson will be dismissed for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

    B.    Defendants Clark and Kennedy

Plaintiff and the administrator who signed off on the Step Two response identify Defendant Clark as the Food Service Manager at Lanesboro Correctional and Plaintiff identifies Defendant Kennedy as a dietitian in Lanesboro. (3:12-cv-824, Doc. No. 1 at 3; Doc. No. 1-1 at 3). Plaintiff alleges that Defendant Clark "is <u>responsible for food preparations</u> to the inmate population with dietitian staff." (Id., Doc. No. 1-1 at 4 ¶ 4) (emphasis in original). Plaintiff alleges that Defendants Clark and Kennedy were negligent and apparently deliberately indifferent to his special dietary needs however the record Plaintiff presented to this Court does not support such assertions.

First, as noted above, mere negligence does not support a finding that either defendant was deliberately indifferent to Plaintiff's health condition. Second, although Plaintiff blankly states that Defendants Clerk and Kennedy knew about his medical condition, there is no indication that they had any knowledge that he would be served a meal that had been prepared with peanut products. Plaintiff cites an example on September 23, 2011, when he was served a tainted meal, however there are no allegations that could support an inference that either Clark or Kennedy

---

[3] The Court finds that consideration of Plaintiff's written grievance, and the responses thereto, is proper in this case as they are attached to the complaint and there appears to be no question that they are authentic and integral to a review of the allegations in this case. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

knew that this meal would be served. Plaintiff also cites a second occasion on November 21, 2011, nearly two months after the first episode, when he was again provided with a tainted meal. Again, Plaintiff fails to present allegations that either defendant knew this would happen. On December 2, 2011, Plaintiff contends that he received a third tainted meal and again became sick yet there are still no allegations that either defendant deliberately acted, or failed to act to ensure that he would receive the correct meal. Rather, throughout this three month episode—during which there would have been hundreds of meals served—Plaintiff received three nonconforming meals.

Moreover, Plaintiff did not file a written grievance, as he is bound to do, until December 7th, some five days after the third episode. In the Step Two response, the administrator states that Ms. Clark has been made aware of Plaintiff's reaction to the food and that the "incident was not on purpose." (Id., Doc. No. 1-1 at 2). It is perhaps telling, then, that as soon as the record demonstrates that Defendant Clark had been made aware of Plaintiff's adverse reactions that there are no further reactions reported by Plaintiff. In fact, Plaintiff waited nearly a year to file his § 1983 complaint and he does not indicate that he ever had any further complications.

Based on the foregoing, the Court finds that at best, Plaintiff has set forth a claim for negligence but that he has failed to meet the heightened standard of establishing that these defendants were deliberately indifferent to his serious medical or health needs and the complaint against Defendants Clark and Kennedy will be dismissed.

C. Defendant Medlin

Plaintiff alleges that Defendant Nurse Medlin encouraged him to take Benadryl® after his third reaction on December 2, 2011. Plaintiff contends that Medlin did this in an effort to avoid a third trip to the hospital. Specifically, Plaintiff maintains that Medlin directed him to "Get up,

take these benedril [sic] . . . . or lay there and die," and then Medlin walked off. (Id., Doc. No. 1-2 at 14). Although this reaction may appear callous, it does not present a claim of deliberate indifference, rather it sounds in negligence. In prescribing Benadryl®, it appears that Defendant Medlin was trying to control an allergic reaction, and if she was negligent in following this course of action, that would be of no moment in this § 1983 proceeding, as such conduct would not support liability.

Plaintiff also contends that there was a deliberate delay in securing him medical attention in the hospital. (Id., Doc. No. 1-1 at 14). To be sure, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Abraham v. McDonald, 493 F. App'x 465, 466 (4th Cir. 2012) (per curiam) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)). See also Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.") (citing Estelle, 429 U.S. at 104) (A prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care.").

In the present case, Plaintiff alleges that after he became ill on December 2, no one responded to his sick call for over 30 minutes but this does not appear attributable to Defendant Medlin. Instead, the complaint demonstrates that she checked Plaintiff's vital signs and recommended that he take Benadryl® which Plaintiff contends was an erroneous recommendation. The Constitution does not guarantee a prisoner the treatment of his choice. See Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) (internal citation omitted). Absent exceptional circumstances, "[d]isagreements between an inmate and a physician over the inmate's proper

7

medical care" are insufficient to raise an Eighth Amendment claim for purposes of § 1983 actions. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (internal citation omitted). "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011) (quoting Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)).

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment with regard to the allegations against Defendant Medlin and the complaint against her will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk is directed to amend the caption to this case in the ECF Docket to reflect that Defendant Kennedy, Food Service Dietitian, was named as a defendant in Plaintiff's complaint. (See Doc. No. 1 at 3).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 8, 2014

Robert J. Conrad, Jr.
United States District Judge